**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiffs,*
Taneesha Crooks and Anthony Brown

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEESHA CROOKS and ANTHONY BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL - SAN DIEGO,<br><br>Defendant. | Case No.: '17 CV0246 WQHMDD<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs TANEESHA CROOKS ("Crooks") and ANTHONY BROWN ("Brown") (collectively "Plaintiffs") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant Rady Children's Hospital - San Diego (hereinafter, referred to as "Defendant") in negligently and/or willfully or knowingly contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

   *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

CLASS ACTION COMPLAINT   2

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. *See* 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant is based and registered within the San Diego County; (ii) at all material times hereto, Plaintiffs resided in the County of San Diego, State of California which is within this judicial district; (iii) the conduct complained of herein occurred within this judicial district; and, (iv) many of the acts and transactions giving rise to this action occurred in this district because Defendant.

## PARTIES

7. Both Plaintiffs, at all times mentioned herein were, residents of the County of San Diego, State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

8. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, is a California corporation, and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF BROWN

10. Sometime in 2012, Plaintiff Brown allegedly incurred a debt to Defendant. As it is irrelevant to this action, Plaintiff Brown currently takes no position as to whether or not this alleged debt was actually owed.

11. On or before April 11, 2016, Defendant through its agent, Rady Children's Specialists, began calling Plaintiff Brown's cellular telephone ending with "3623" via an "automatic telephone dialing system" ("ATDS"), while using an "artificial or prerecorded voice," as defined by 47 U.S.C. § 227(a)(1), and as prohibited by 47 U.S.C. § 227(b)(1)(A).

12. On or about April 11, 2016, the Law Office of Daniel Shay ("Shay") on behalf, and with authorization, of Plaintiff Brown, faxed and mailed cease and desist letters to Defendant's multiple locations informing Defendant of the following:

> [Plaintiff] hereby revokes any prior express consent that may have been given to receive telephone calls, especially to [Plaintiffs'] cellular telephone, from an Automated Telephone Dialing System or an artificial or pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and [Plaintiff] also revokes any applicable business relationship.
>
> [Plaintiff] has retained [Shay] to stop creditor harassment and to discharge your claim(s) through bankruptcy. Whether you are an original creditor, or a collector, you must cease and desist all communication with [Plaintiff] . . ..

13. On or about April 14, 2016, Shay also spoke with Defendant on the phone and assisted them to find the relevant files and records pertaining to Plaintiff Brown.

14. On or about April 18, 2016, Shay spoke with Defendant's agent, Rady Children's Specialists and confirmed his representation of Plaintiff and revocation of any prior express consent if such consent was ever given.

15. On April 18, 2016, Defendant's agent, Rady Children's Specialists sent a facsimile correspondence to Shay confirming receipt of the cease and desist correspondence from April 11, 2016.

16. Despite Shay's faxed and mailed cease and desist letters, on December 23, 2016, Defendant continued calling Plaintiff Brown's cellular phone ending with "3623" via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. When Plaintiff Brown answered Defendant's phone call on December 23, 2016, an artificial or prerecorded voice message reminding Plaintiff Brown of the existence of the alleged debt.

18. Upon information and belief, Plaintiff Brown never provided Defendant with his cellular telephone number at the time the alleged debt relating to the calls was incurred. Furthermore, if any prior express consent was ever given, it was expressly revoked by the correspondence of April 11, 2016.

19. Defendant made the unwanted autodialed calls using a prerecorded voice to Plaintiff Brown's cellular phone from the number 858-966-5420.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF CROOKS**

20. Sometime prior to October 2016, Plaintiff Crooks allegedly incurred a debt to Defendant. As it is irrelevant to this action, Plaintiff Crooks currently takes no position as to whether or not this alleged debt was actually owed.

21. On or about October 14, 2016, at 2:01 pm, Defendant through its agent, Rady Children's Specialists, began calling Plaintiff Crooks' cellular phone ending with "2044" via an "automatic telephone dialing system" ("ATDS"), while

using an "artificial or prerecorded voice," as defined by 47 U.S.C. § 227(a)(1), and as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. On or about October 19, 2016, Defendant called again to Plaintiff's cellular phone. When Plaintiff Crooks answered the call, a prerecorded message played with no live human on the line.

23. On October 21, 2016, the Law Office of Daniel Shay ("Shay") on behalf, and with authorization, of Plaintiff Crooks, faxed and mailed a cease and desist letter to Defendant's multiple locations informing Defendant of the following:

> [Plaintiff] hereby revokes any prior express consent that may have been given to receive telephone calls, especially to [Plaintiff's] cellular telephone, from an Automated Telephone Dialing System or an artificial or pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and [Plaintiff] also revokes any applicable business relationship.
>
> [Plaintiff] has retained [Shay] to stop creditor harassment and to discharge your claim(s) through bankruptcy. Whether you are an original creditor, or a collector, you must cease and desist all communication with [Plaintiff] . . ..

24. Despite Shay's faxed and mailed cease and desist letters, on November 4, 2016 Defendant continued calling Plaintiff Crooks' cellular phone ending with "2044" via an "automatic telephone dialing system" ("ATDS"), with unsolicited prerecorded messages, as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

Defendant made the unwanted autodialed calls using a prerecorded voice to Plaintiff Crooks' cellular phone from the number 858-966-5420.

///

///

**Factual Allegations as to Both Plaintiffs**

25. Subsequently to Shay's cease and desist letters, Plaintiffs did not provide express consent to Defendant to receive calls on Plaintiffs' respective cellular telephones, pursuant to 47 U.S.C. § 227(b)(1)(A).

26. Through the unwanted calls from Defendant, both Plaintiffs suffered an invasion of their legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Upon information and belief, the telephone equipment used by Defendant to place the calls at issue has the capacity to dial telephone number automatically from a stored list or database without human intervention, using a random or sequential number generator.

28. Defendant's calls constituted calls that were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

29. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. Defendant did not have prior express consent to place the calls to either Plaintiff, and if any prior express consent was ever given, it was effectively revoked through Plaintiffs' and Shay's cease and desist letters to Defendant.

31. Plaintiffs were personally affected by Defendant's aforementioned conduct because Plaintiffs was frustrated and distressed that, Defendant interrupted Plaintiffs with unwanted calls using an ATDS and/or prerecorded voice.

32. Defendant's calls forced Plaintiffs and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

33. Plaintiffs are informed and believe and here upon allege, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

34. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

36. Plaintiffs represent, and are a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

37. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

   b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

   c) Whether Defendant's conduct was knowing and/or willful;

   d) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   e) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

42. As persons that received at least one telephonic communication from Defendant's ATDS without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and

adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

43. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representatives in this matter;

- Appoint Plaintiffs' Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiffs and the Class members pray for further judgment as follows against Defendant:

### NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### KNOWING/WILLFUL VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///
///
///

Case 3:17-cv-00246-WQH-MDD Document 1 Filed 02/08/17 PageID.13 Page 13 of 13


**TRIAL BY JURY**

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: 2/7/17

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ ABBAS KAZEROUNIAN
ABBAS KAZEROUNIAN, ESQ.
AK@KAZLG.COM
ATTORNEY FOR PLAINTIFFS

<u>Additional Plaintiffs' Counsel</u>

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022