# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEESHA CROOKS, individually and on behalf of all others similarly situated; ANTHONY BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>RADY CHILDREN'S HOSPITAL,<br>Defendant. | CASE NO. 17cv246-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before this Court is the motion to stay proceedings, strike class allegations, or in the alternative, dismiss the complaint filed by Defendant Rady Children's Hospital. (ECF No. 9).

**I. BACKGROUND**

On February 8, 2017, Plaintiffs Taneesha Crooks and Anthony Brown initiated this action by filing a Complaint alleging two causes of action under the Telephone Consumer Protection Act ("TCPA") against Defendant Rady Children's Hospital: (1) negligent violations of the TCPA, 47 U.S.C. § 227 *et seq.*, and (2) knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.* (ECF No. 1).

On March 15, 2017, Defendant moved the Court for an order (1) staying all proceedings until a decision is rendered by the D.C. Circuit Court in *ACA Int'l v. Fed. Comm'cns Comm'n, et al.*, No. 15-1221 (D.C. Cir. 2015); (2) striking Plaintiffs' class

allegations pursuant to Rule 12(f); or (3) dismissing the Complaint for failure to state a claim pursuant to Rule 12(b)(6) or for lack of standing pursuant to Rule 12(b)(3). (ECF No. 9). On April 10, 2017, Plaintiffs filed a response in opposition.[1] (ECF No. 12). On April 17, 2017, Defendant filed a reply. (ECF No. 13).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff Brown incurred a debt to Defendant sometime in 2012. (ECF No. 1 at ¶ 10). "On or before April 11, 2016, Defendant, through its agent, Rady Children's Specialists, began calling Plaintiff Brown's cellular telephone ending with '3623'. . . via an 'automatic telephone dialing system' ('ATDS'), while using an 'artificial or prerecorded voice' . . . ." *Id.* ¶ 11. On or about April 11, 2016, counsel for Plaintiff Brown "faxed and mailed cease and desist letters to Defendant's multiple locations" revoking any prior express consent that may have been given to receive such telephone calls. *Id.* ¶ 12.

On April 18, 2016, Defendant's agent, Rady Children's Specialists, confirmed receipt of the cease and desist correspondence from April 11, 2016 in a fascimile correspondence to Plaintiff Brown's counsel. *Id.* ¶ 15. "[O]n December 23, 2016, Defendant continued calling Plaintiff Brown's cellular phone . . . via an [ATDS]." *Id.* ¶ 16. "When Plaintiff Brown answered Defendant's phone call on December 23, 2016, an artificial or prerecorded voice message remind[ed] Plaintiff Brown of the existence of the alleged debt." *Id.* ¶ 17. Plaintiff Brown "never provided Defendant with his cellular telephone number at the time the alleged debt relating to the calls was incurred" and "if any prior express consent was ever given, it was expressly revoked by the correspondence of April 11, 2016." *Id.* ¶ 18.

Prior to October 2016, Plaintiff Crooks incurred a debt to Defendant. *Id.* ¶ 20. "On or about October 14, 2016, . . . Defendant, through its agent, Rady Children's

---

[1] Plaintiffs filed a request for judicial notice of various proceedings in other courts in support of their opposition to Defendant's motion. (ECF No. 12-1). The Court denies this request for judicial notice as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

Specialists, began calling Plaintiff Crooks' cellular phone ending with '2044' via an [ATDS], while using an 'artificial or prerecorded voice,' . . . ." *Id.* ¶ 21. On October 21, 2016, counsel for Plaintiff Crooks "faxed and mailed a cease and desist letter to Defendant's multiple locations" revoking any prior express consent that may have been given to receive such telephone calls. *Id.* ¶ 23. "[O]n November 4, 2016 Defendant continued calling Plaintiff Crooks' cellular phone . . . via an [ATDS] with unsolicited prerecorded messages." *Id.* ¶ 24.

"[B]oth Plaintiffs suffered an invasion of their legally protected interest in privacy . . . ." *Id.* ¶ 26. "Upon information and belief, the telephone equipment used by Defendant to place the calls at issue has the capacity to dial [a] telephone number automatically from a stored list or database without human intervention, using a random or sequential number generator." *Id.* ¶ 27. The calls "were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls[.]" *Id.* ¶ 29. Plaintiffs were "personally affected" by the calls because Plaintiffs were "frustrated and distressed that . . . Defendant interrupted Plaintiffs with unwanted calls using an ATDS and/or prerecorded voice." *Id.* ¶ 31. "Defendant's calls forced Plaintiffs and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time." *Id.* ¶ 32.

"Plaintiffs bring this action on behalf of themselves and all other similarly situated (the 'Class')." *Id.* ¶ 35. Plaintiffs define the class as,

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

*Id.* ¶ 36. Plaintiffs request injunctive relief and statutory damages. *Id.* at 12.

## III. MOTION TO STAY

Defendant requests a stay of this entire matter pending the decision in *ACA Int'l*

*v. Fed. Commc'ns Comm'n*, No. 15-1221 (D.C. Cir. 2015).[2] Defendant contends that a stay is warranted because the D.C. Circuit is considering a challenge to the Federal Communications Commission's ("FCC") interpretation of certain provisions of the TCPA which are "directly relevant to the issues of potential liability and damages in this matter." (ECF No. 9 at 2). Defendant contends that "[b]ecause *ACA International* challenges the FCC's interpretations of the definition of ATDS, the definition of 'called party' under the TCPA, and the methods to revoke express consent, the issues before the D.C. Circuit in *ACA International* will substantially impact the issues of potential liability and damages in the present matter." (ECF No. 9-1 at 12). Defendant contends that any prejudice to Plaintiffs caused by a stay is minimal. Defendant contends that it will suffer hardship if this action is not stayed due to unnecessary discovery and trial preparation and that a stay will save judicial resources. *Id.* at 13–14.

Plaintiffs contend that they would be "significantly prejudiced" by an unknown and indefinite delay in conducting discovery. (ECF No. 12 at 19). Plaintiffs assert that "it is far from guaranteed that a final result in *ACA International* is imminently forthcoming." *Id.* at 19. Plaintiffs contend that the decision in *ACA International* is irrelevant to multiple issues in this action because this case involves prerecorded calls. *Id.* at 21. Plaintiffs contend that this Court is bound by existing Ninth Circuit precedent and the FCC definition of ATDS under the 2003 and 2008 declaratory rulings. *Id.* at 22–23. Plaintiffs contend that the D.C. Circuit will likely decide the ATDS issue favorably to Plaintiffs. *Id.* at 22. Plaintiffs contend that any burden of producing discovery on Defendant does not justify a stay. *Id.*

"The power to stay proceedings is incidental to the power inherent in every court

---

[2] Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted). The Court grants Defendant's request for judicial notice (ECF No. 9-2) and takes judicial notice of the following documents pursuant to Federal Rule of Evidence 201: (1) Joint Brief for Petitioners Document #1600622, *ACA Int'l v. Fed. Commc'ns Comm'n* (Dec. 24, 2016) No. 15-12115, and (2) Court of Appeal Docket No. 15-1211 in matter of *ACA Int'l v. Fed. Commc'ns Comm'n*. (ECF Nos. 9-3, 9-4).

to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay "is an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The TCPA provides,

> It shall be unlawful for any person . . . to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1). *ACA International* is a consolidation of various petitions challenging a 2015 FCC Order interpreting various provisions of the TCPA.[3] The issues before the D.C. Circuit involve (1) the type of equipment that constitutes an

---

[3] The D.C. Circuit Court of Appeals heard oral argument in *ACA International* on October 16, 2016 but has not issued an opinion. (ECF No. 9-4 at 12).

ATDS under the TCPA, (2) the definition of a "called party" under the TCPA, and (3) the methods to revoke express consent.

Based on the record and at this early stage of the proceedings, the Court cannot conclude that the outcome of *ACA International* would have a significant impact on the litigation in this Court. Regardless of the D.C. Circuit's ultimate decision on the definition of ATDS, the parties will need to conduct discovery to determine the technology used by Defendant to place the alleged calls, among other issues. Further, the Complaint alleges that Defendant placed prerecorded calls to Plaintiffs. (ECF No. 1 at ¶¶ 11,21). Defendant may be subject to liability under the TCPA for using an ATDS or for placing prerecorded calls to Plaintiffs. *See Vaccaro v. CVS Pharm., Inc.*, No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013) ("Because the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' *or* (2) an ATDS."). Defendant has not sufficiently identified how the remaining issues before the D.C. Circuit in ACA International would impact this case. *See Ind. State Police Pension Trust*, 556 U.S. at 961 (holding that the party requesting a stay bears the burden of establishing that it is justified). Further, Defendant's contention that it will suffer hardship if the action is not stayed due to unnecessary discovery and trial preparation does not justify a stay in this case. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). The motion to stay is denied.

**IV. MOTION TO DISMISS**

*A. Legal Standards*

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States*, 217

F.3d 770, 778–79 (9th Cir. 2000). "In a facial attack [on jurisdiction], the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

### *B. Lack of Standing Pursuant Rule 12(b)(1)*

Defendant contends that the Complaint should be dismissed for lack of standing pursuant to Rule 12(b)(1). (ECF No. 9-1 at 27). Defendant contends that the facts alleged in the Complaint fail to establish an injury-in-fact because Plaintiffs allege only "a bare procedural violation" that is "divorced from any concrete harm." *Id.* at 28–30. Defendant further contends that Plaintiffs failed to allege injury specific to each individual call. *Id.* at 30.

Plaintiffs contend that the Complaint alleges sufficient facts to establish Article III injury-in-fact. Plaintiffs contend that the Complaint alleges economic loss, invasion of privacy, annoyance, and wasted time as a result of the calls. (ECF No. 12 at 40). Plaintiffs contend receipt of unwanted phone calls constitutes a concrete injury sufficient to establish standing to bring a TCPA claim. *Id.* at 41. Plaintiffs contend that the TCPA establishes a substantive right to be free from certain phone calls without prior consent. *Id.* at 42.

The jurisdiction of federal courts is constitutionally-limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The standing to sue doctrine is "rooted in the traditional understanding of a case or controversy" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff must establish (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* at 560–61 (citations omitted). In the absence of Article III standing, a court lacks subject matter jurisdiction to entertain the lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or

hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). A particularized injury "affects the plaintiff in a personal and individual way." *Id.* A "concrete" injury may be intangible but must actually exist. *Id.*

In *Spokeo Inc. v. Robins*, the Supreme Court addressed the concrete injury-in-fact requirement of Article III standing in the context of an alleged violation of the Federal Credit Reporting Act. The Court stated,

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation.

*Id.* at 1549. The Court concluded that a "bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-act requirement of Article III. *Id.*

The Ninth Circuit Court of Appeals recently addressed standing to bring a TCPA cause of action in light of the Supreme Court decision in *Spokeo*. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017). In *Van Patten*, the plaintiff brought a TCPA cause of action arising out of alleged unauthorized telemarketing text messages he received inviting him to return to his former gym. The plaintiff alleged injuries including "the aggravation that necessarily accompanies wireless spam" and the fact that consumers "pay their cell phone service providers for the receipt of such wireless spam." *Id.* at 1041. The Court of Appeals held that "a violation of the TCPA is a concrete, de facto injury" and that the plaintiff's allegations were therefore sufficient to establish a concrete injury-in-fact. *Id.* at 1043. The Court of Appeals stated, "The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Id.*

> [T]he telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA. Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified."

*Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

In this case, Plaintiffs allege a number of harms resulting from the unsolicited phone calls from Defendant. Plaintiffs allege "an invasion of their legally protected interest in privacy." (ECF No.1 at ¶ 26). Plaintiffs allege the calls "personally affected" Plaintiffs and caused frustration and distress. *Id.* ¶ 31. Plaintiffs allege "the calls forced Plaintiffs . . . to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time." *Id.* ¶ 32. Plaintiffs allege that the "calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls." *Id.* ¶ 29. The alleged unsolicited ATDS and prerecorded calls to Plaintiffs' cellular telephones "by their nature, invade the privacy and disturb the solitude of" Plaintiffs. *Van Patten*, 847 F.3d at 1041. The Court concludes that these factual allegations are sufficient to establish a concrete, particularized injury-in-fact resulting from Defendant's alleged calls. Defendant's motion to dismiss for lack of standing is denied.

**3. Failure to State a Claim Pursuant to Rule 12(b)(6)**

Defendant contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs fail to allege sufficient facts to support an inference of use of an ATDS. (ECF No. 9-1 at 25). Plaintiffs contend that the Complaint contains sufficient facts to plausibly allege use of an ATDS. (ECF No. 12 at 35).

The TCPA provides,

> It shall be unlawful for any person . . . to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1). To bring a claim under the TCPA, a plaintiff must show (1) that defendant made the call (2) to any telephone number assigned to a cellular telephone service and (3) the call was made using an ATDS or an artificial or prerecorded voice. *Id.* The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator

[and] to dial such numbers." 47 U.S.C. § 227(a)(1). Under the TCPA, an ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). "When evaluating the issue of whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Id.*

Courts in the Ninth Circuit have generally used one of two approaches to determine whether a plaintiff has adequately alleged that the calls were made by an ATDS to survive a Rule 12(b)(6) motion to dismiss. *Maier v. J.C. Penney Corp.*, No. 13CV0163-IEG DHB, 2013 WL 3006415, at *3 (S.D. Cal. June 13, 2013). Under the first approach, courts "allow for minimal allegations regarding use of an ATDS in recognition of the fact that the type of equipment used by the defendant to place the 'call' is within the sole possession of the defendant at the pleading stage, and will therefore only come to light once discovery has been undertaken." *Id.* Under the second approach a "plaintiff must go beyond simply using statutory language alleging the defendant's use of an ATDS and must include factual allegations about the 'call' within the complaint allowing for a reasonable inference that an ATDS was used." *Id.*

In this case, the Complaint alleges that Plaintiff Brown answered a phone call from Defendant on December 23, 2016 and "an artificial or prerecorded voice message" reminded him of an alleged debt to Defendant. (ECF No. 1 at ¶ 17). Similarly, the Complaint alleges that Plaintiff Crooks answered a call on or about October 19, 2016, in which a "prerecorded message played with no live human on the line." *Id* ¶ 22. Plaintiffs allege that Defendant made the "unwanted autodialed calls using a prerecorded voice" to Plaintiffs' cellular phones and provide the number used to make the calls. *Id.* ¶¶ 19, 24. Further, Plaintiffs allege, "Upon information and belief, the telephone equipment used by Defendant to place the calls at issue has the capacity to dial telephone number[s] automatically from a stored list or database without human

intervention, using a random or sequential number generator." *Id.* ¶ 27. Construed in the light most favorable to Plaintiffs, the Court concludes that the factual allegations of the Complaint are sufficient to support a reasonable inference that Defendant used an ATDS in making the alleged calls to Plaintiffs. *See also Maier*, 2013 WL 3006415, at *3 (stating that "generic content of a message, a description of a robotic sounding voice, or a lack of human response" are "indirect factual allegations supporting a reasonable inference of use of an ATDS"). Defendant's motion to dismiss for failure to state a claim is denied.

## VI. MOTION TO STRIKE CLASS ALLEGATIONS

Defendant moves the Court for an order striking class allegations pursuant to Rule 12(f) because the Complaint demonstrates that the class action cannot be maintained on the facts alleged. (ECF No. 9-1 at 16). Defendant contends that this case is unsuitable for class treatment because the issue of consent will need to be analyzed on an individual basis for each putative class member. *Id.* at 19. Defendant contends that the proposed class is not precisely and adequately defined and therefore lacks commonality and ascertainability. *Id.* at 20–23. Defendant contends that the allegations of the Complaint are insufficient to establish that the purported class representatives have claims typical of the purported class members. *Id.* at 24. Defendant contends that the Complaint alleges an impermissible "fail-safe class" which is not ascertainable because class members are not capable of identification prior to final judgment. *Id.* at 25.

Plaintiffs contend that the class allegations are not spurious and the Rule 23 requirements were properly pled. (ECF No. 12 at 28). Plaintiff contends that the class definition is properly pled and that the complaint adequately alleges ascertainability. *Id.* at 30. Plaintiffs contend that the Complaint does not allege an impermissible fail-safe class. *Id.* at 31. Plaintiffs contend that this motion is premature and that Plaintiffs are not required to satisfy Rule 23(a) and (b) prior to class certification. *Id.* at 33. However, Plaintiffs further contend that the issues of commonality, typicality, and

adequacy have been properly pled. *Id.* at 33–34.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Courts disfavor motions to strike class allegations because issues related to class allegations are generally more appropriately resolved on a motion for class certification. *See Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235–36 (S.D. Cal. 2009); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cal. Dep't. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing *Fantasy, Inc.*, 984 F.2d at 1528). "In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party . . . and resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in defendant's favor." *Id.*

The Court concludes that Defendant's motion to strike class allegations is premature at this stage of the proceedings. The class issues raised by Defendant are more appropriately considered at the class certification proceedings. *See Lyons*, 718 F. Supp. 2d at 1236 (noting that courts rarely grant motions to dismiss class allegations before discovery has commenced); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) ("In the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling . . . . [P]laintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery . . . ."). Defendant's motion to strike class allegations is denied.

**VII. CONCLUSION**

IT IS HEREBY ORDERED that the motion to stay, motion to strike class allegations, and motion to dismiss the Complaint filed by Defendant Rady Children's Hospital is DENIED. (ECF No. 9).

DATED: October 10, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge