# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEESHA CROOKS and ANTHONY BROWN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RADY CHILDREN'S HOSPITIAL-SAN DIEGO,<br><br>Defendant. | Case No.: 17-cv-0246-WQH-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO PLAINTIFF CROOKS' DISCOVERY REQUESTS, SET ONE**<br><br>**[ECF No. 29]** |

Before the Court is a Joint Motion of the parties, filed on March 22, 2018, to determine a discovery dispute involving two Requests for Production ("RFP") and four Interrogatories served by Plaintiff Crooks upon Defendant. (ECF No. 29). This case is a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P.

1

26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the

possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

1. Request for Production No. 7

It violates the TCPA to make calls to cellular telephones using an autodialer and/or a prerecorded or artificial voice, without the express consent of the persons called. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff recognizes that the statute requires the use of an autodialer and/or a prerecorded or artificial voice. Her current class description is as follows:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

(ECF No. 1, ¶ 36).

In RFP No. 7, Defendant is asked to produce all records of telephone calls from a particular telephone number to a cellular number for debt collection purposes over a four year period. (ECF No. 29 at 2).[1] Defendant objects for overbreadth, relevance and proportionality. The RFP is not limited to calls made by an autodialer nor with an artificial or prerecorded voice. Accordingly, it is overbroad on its face. Even if limited to calls made by an autodialer, the Court would not enforce this RFP at this time. Prior to class certification, the actual telephone numbers dialed, even with an

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

autodialer or using a prerecorded or artificial voice, are not relevant. While the number of such calls made can support the numerosity prong of a motion for class certification, the identification of those numbers does not. Defendant's objection is **SUSTAINED.**

2. RFP No. 8

Defendant is asked to produce documents used to determine whether alleged debtors had provided "prior express consent" over the relevant four year period. (ECF No. 29 at 6). Defendant objects for overbreadth, relevance and lack of proportion. Plaintiff claims that this information is relevant to the class certification issue of predominance. To the extent that Plaintiff is seeking records of individual debtors, the Court does not agree that such records are needed on the issue of predominance. To the extent that Plaintiff is not seeking individualized records, but is seeking instead documents reflecting Defendant's processes and policies regarding documenting consent, such records may be relevant to certification. This RFP, however, is too ambiguous to enforce in that regard. Defendant's objection is **SUSTAINED.**

3. Interrogatory No. 5

This interrogatory asks Defendant to state how many cellular telephones it called or attempted to call over the preceding four years to attempt to collect a debt. (ECF No. 29 at 9). Defendant objects for overbreadth, among other things. This Interrogatory suffers the same flaw as RFP No. 7 above: It is not relevant how many cellular telephones Defendant called or attempted to call to collect a debt unless they used an autodialer or artificial/prerecorded voice. Defendant's objection is **SUSTAINED.**

4. Interrogatory No. 6

This interrogatory asks Defendant to state how many cellular telephone

4

numbers it called and attempted to call during the past four years to collect debts using an "ATDS." (ECF No. 29 at 10-11). Defendant objects for overbreadth, burden and vagueness. The Court understands "ATDS" to refer to an Automated Telephone Dialing System. Defendant's objections are **OVERRULED.** Defendant is required to respond.

5. <u>Interrogatory No. 7</u>

This interrogatory is identical to Interrogatory No. 6 except that it addresses calls to cellular telephone numbers using an artificial or prerecorded voice. (ECF No. 29 at 12). As with Interrogatory No. 6, Defendant's objections are **OVERRULED** and Defendant must respond.

6. <u>Interrogatory No. 8</u>

This interrogatory is identical to Interrogatory No. 6 except that addresses calls to cellular telephones using an autodialer, rather than an "ATDS," assuming that there may be some perceived difference between the two. (ECF No. 13-14). As with Interrogatory No. 6, Defendant's objections are **OVERRULED** and Defendant must respond.

## **CONCLUSION**

Plaintiff Crooks' motion to compel, as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART.** To the extent that the Court has ordered further responses, such responses must be served within 14 days of this Order, absent further Order of the Court or a contrary agreement between the parties.

**SO ORDERED.**

Dated: March 29, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge